Charles M. Lizza
William C. Baton
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, New Jersey  07102-5426
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiff*
*Jazz Pharmaceuticals, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAZZ PHARMACEUTICALS, INC.,**<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>**ROXANE LABORATORIES, INC.,**<br><br>　　　　　Defendant. | Civil Action No. 12-6761 (ES)(MCA)<br><br>**REPLY TO COUNTERCLAIMS**<br><br>**(Filed Electronically)** |

　　　　Plaintiff Jazz Pharmaceuticals, Inc. ("Jazz Pharmaceuticals"), by its undersigned attorneys, for its Reply to the Counterclaims of Defendant Roxane Laboratories, Inc. ("Roxane"), responds as follows:

　　　　1.　　Jazz Pharmaceuticals admits on information and belief the allegations of paragraph 1 of the Counterclaims.

　　　　2.　　Jazz Pharmaceuticals admits the allegations of paragraph 2 of the Counterclaims.

　　　　3.　　Jazz Pharmaceuticals admits that there is a justiciable controversy between the parties hereto concerning the '650 patent and denies all other allegations of paragraph 3 of the Counterclaims.

　　　　4.　　Paragraph 4 states a legal conclusion for which no answer is required.  To the extent an answer is required, Jazz Pharmaceuticals admits that this Court has jurisdiction over

the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and denies all other allegations of paragraph 4 of the Counterclaims.

5.  Paragraph 5 states a legal conclusion for which no answer is required. To the extent an answer is required, Jazz Pharmaceuticals admits that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 2201 and 2202 and denies all other allegations of paragraph 5 of the Counterclaims.

6.  Jazz Pharmaceuticals admits the allegations of paragraph 6 of the Counterclaims.

## COUNTERCLAIM COUNT 1

7.  Jazz Pharmaceuticals denies the allegations of paragraph 7 of the Counterclaims.

## COUNTERCLAIM COUNT 2

8.  Jazz Pharmaceuticals denies the allegations of paragraph 8 of the Counterclaims.

## COUNTERCLAIM COUNT 3

9.  Jazz Pharmaceuticals incorporates by reference its replies to paragraphs 1-8 of the Counterclaims as if fully set forth herein.

10. Jazz Pharmaceuticals denies the allegations of paragraph 10 of the Counterclaims.

11. Paragraph 11 states a legal conclusion for which no answer is required. To the extent an answer is required, Jazz Pharmaceuticals denies the allegations of paragraph 11 of the Counterclaims.

12. Jazz Pharmaceuticals denies the allegations of paragraph 12 of the Counterclaims.

13. Jazz Pharmaceuticals admits the allegations of paragraph 13 of the Counterclaims.

14. Jazz Pharmaceuticals admits the allegations of paragraph 14 of the Counterclaims.

15. Jazz Pharmaceuticals admits that the '650 patent issued from an application that is a continuation of U.S. Application Serial No. 13/182,324, filed on Jul. 13, 2011 and is currently

pending, which is a continuation of U.S. Application Serial No. 12/913,644, filed on Oct. 27, 2010 and is currently pending, which is a continuation of U.S. Application Serial No. 11/777,877 filed on July 13, 2007 and issued on December 14, 2010 as U.S. Patent No. 7,851,506, which is a divisional of U.S. Application Serial No. 10/841,709, filed on May 7, 2004 and issued on Aug. 28, 2007 as U.S. Patent No. 7,262,219, which is a divisional of U.S. Application Serial No. 10/194,021, filed July 11, 2002 and issued on August 24, 2004 as U.S. Patent No. 6,780,889, which is a divisional of U.S. Application Serial No. 09/470,570, filed December 22, 1999 and issued on October 29, 2002 as U.S. Patent No. 6,472,431, which claims priority from U.S. Provisional Patent Application Serial No. 60/113,745, filed December 23, 1998, and denies all other allegations of paragraph 15 of the Counterclaims.

16. Jazz Pharmaceuticals admits that Roxane has filed counterclaims alleging that the claims of the '431, '889, '219, and '506 patents are invalid in Civil Action Nos. 10-6108 and 11-660 pending before this Court and denies all other allegations of paragraph 16 of the Counterclaims.

17. Jazz Pharmaceuticals admits the allegations of paragraph 17 of the Counterclaims.

18. Jazz Pharmaceuticals admits that a combined declaration and power of attorney signed by the inventors of the '650 patent was filed during prosecution of the applications that issued as the '650, '431, '889, '219, and '506 patents that stated, in part:

> I acknowledge the duty to disclose information which is material to the patentability of this application in accordance with 37 C.F.R. § 1.56 (attached hereto). I also acknowledge my duty to disclose all information known to be material to patentability which became available between a filing date of a prior application and the national or PCT international filing date in the event this is a Continuation-In-Part application in accordance with 37 C.F.R. §1.63(e)

and denies all other allegations of paragraph 18 of the Counterclaims.

19. Jazz Pharmaceuticals admits that attorneys from the law firm of Schwegman, Lundberg & Woessner, P.A. were involved in the prosecution of the applications that issued as the '650, '431, '889, '219, and '506 patents, and that Monique Perdok Shonka was involved in the prosecution of at least the applications that issued as the '650, '219, and '506 patents. Jazz Pharmaceuticals denies all other allegations of paragraph 19 of the Counterclaims.

20. Paragraph 20 states a legal conclusion for which no answer is required. To the extent an answer is required, Jazz Pharmaceuticals denies the allegations of paragraph 20 of the Counterclaims.

21. Jazz Pharmaceuticals admits that any individual at Jazz Pharmaceuticals involved in the prosecution of the application that issued as the '650 patent would be aware of the duty to disclose information material to patentability to the USPTO. Jazz Pharmaceuticals lacks knowledge or information sufficient to form a belief as to all other allegations of paragraph 21 of the Counterclaims and, therefore, denies those allegations.

22. Jazz Pharmaceuticals admits that CA 338 was not cited in an information disclosure statement during prosecution of the application that issued as the '650 patent and denies all other allegations of paragraph 22 of the Counterclaims.

23. Jazz Pharmaceuticals lacks knowledge or information sufficient to form a belief as to all allegations of paragraph 23 of the Counterclaims and, therefore, denies those allegations.

24. Jazz Pharmaceuticals denies the allegations of paragraph 24 of the Counterclaims.

25. Jazz Pharmaceuticals admits that on April 14, 2011, Roxane served its Invalidity Contentions containing references to CA 338 on outside litigation counsel for Jazz Pharmaceuticals and denies all other allegations of paragraph 25 of the Counterclaims.

26.     Jazz Pharmaceuticals admits that Roxane did not designate its Invalidity Contentions with respect to the '431 patent as confidential.  Jazz Pharmaceuticals also admits that Roxane's Invalidity Contentions were submitted as part of an information disclosure statement submitted during prosecution of U.S. Application Serial No. 13/453,915.  Jazz Pharmaceuticals denies all other allegations of paragraph 26 of the Counterclaims.

27.     Jazz Pharmaceuticals admits that on April 14, 2011, Roxane served its Invalidity Contentions containing references to CA 338 on outside litigation counsel for Jazz Pharmaceuticals, and denies all other allegations of paragraph 27 of the Counterclaims.

28.     Jazz Pharmaceuticals admits that on September 25, 2012, CA 338 was cited in an information disclosure statement submitted during prosecution of the '892 application, and denies all other allegations of paragraph 28 of the Counterclaims.

29.     Jazz Pharmaceuticals denies the allegations of paragraph 29 of the Counterclaims.

30.     Jazz Pharmaceuticals admits that CA 338 was not cited in an information disclosure statement during prosecution of the application that issued as the '650 patent and denies all other allegations of paragraph 30 of the Counterclaims.

31.     Jazz Pharmaceuticals denies the allegations of paragraph 31 of the Counterclaims.

32.     Jazz Pharmaceuticals denies the allegations of paragraph 32 of the Counterclaims.

33.     Jazz Pharmaceuticals denies the allegations of paragraph 33 of the Counterclaims.

34.     Jazz Pharmaceuticals denies the allegations of paragraph 34 of the Counterclaims.

35.     Jazz Pharmaceuticals admits that on September 25, 2012, CA 338 was cited in an information disclosure statement submitted during prosecution of the '892 application, and denies all other allegations of paragraph 35 of the Counterclaims.

36.     Jazz Pharmaceuticals denies the allegations of paragraph 36 of the Counterclaims.

37. Jazz Pharmaceuticals denies the allegations of paragraph 37 of the Counterclaims.

38. Jazz Pharmaceuticals denies the allegations of paragraph 38 of the Counterclaims.

39. Jazz Pharmaceuticals denies the allegations of paragraph 39 of the Counterclaims.

40. Jazz Pharmaceuticals denies the allegations of paragraph 40 of the Counterclaims.

41. Jazz Pharmaceuticals denies the allegations of paragraph 41 of the Counterclaims.

## ROXANE'S PRAYER FOR RELIEF

Jazz Pharmaceuticals denies that Roxane is entitled to judgment in its favor and denies that Roxane is entitled to any of the relief set forth in its Counterclaims, Affirmative Defenses, and/or Prayer for Relief.

## AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAIM

Roxane's Counterclaims fail to state any claim for which relief may be granted.

WHEREFORE, Jazz Pharmaceuticals prays for judgment in its favor on Roxane's Counterclaims and for the relief requested in Jazz Pharmaceuticals' Complaint for Patent Infringement.

Dated:  November 16, 2012                    By: s/ Charles M. Lizza
                                                  Charles M. Lizza
                                                  William C. Baton
                                                  SAUL EWING LLP
                                                  One Riverfront Plaza, Suite 1520
                                                  Newark, New Jersey  07102-5426
                                                  (973) 286-6700
                                                  clizza@saul.com

                                                  *Attorneys for Plaintiff*
*Of Counsel*:                                     *Jazz Pharmaceuticals, Inc.*

F. Dominic Cerrito
Eric C. Stops
Gabriel P. Brier
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York  10010
(212) 849-7000

Richard G. Greco
RICHARD G. GRECO PC
90 State Street, Suite 700
Albany, New York 12207
(212) 203-7625